

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

Gerald C. Mann
XXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Hon. A. M. Pribble
County Attorney
Goldthwaite, Texas

Opinion No. O-2446
Re:  Validity of school superintend-
ent's contract where a board member
was-misled causing him not to attend
meeting of board at which contract
was made.

Dear Sir:

In your letter of May 30, 1940, you submit to us the following facts:

"The president of the board of trustees of an independent school district told one member of the board on being asked if a meeting of the school board would be held that night replied that he knew of no reason why there should be a meeting. However he had already notified the other members of the board and a called meeting of the board was held that night and the trustee mentioned above and another trustee were absent. The other four trustees met with the president of the board and the question of rehiring the superintendent of the school was raised, and two votes were cast for rehiring the superintendent and two against. The president then voted to rehire the superintendent. The trustee mentioned above would have voted not to rehire the superintendent."

You request our opinion as to whether this contract is a legal one.

We quote from 34 Texas Jurisprudence, p. 457, as follows:

In order that the acts of a governmental or administrative board may be valid it must act as a body. Consent or acquiescence of, or agreements by, the individual members acting separately and not as a body do not bind the board or the political subdivision which they represent, and all persons are chargeable with knowledge that such is the case."

From Mechem on Public Offices and Officers, pp. 375-6, we quote:

"Where, however, a trust or agency is created by law or is public in its nature and requires the exercise

of deliberation, discretion or judgment, whether it be
judicial or _quasi_-judicial in its character, the rule
is otherwise, and while all of the trustees, agents
or officers, except where the law makes a less number
a quorum, must be present to deliberate or, what is
the same thing must be duly notified and have an oppor-
tunity to be present, yet, except where the law clearly
requires the joint action of them all, it is well set-
tled that a majority of them, where the number is such
as to admit of a majority, if present, may act and
that their act will be deemed the act of the body....

"....

"The act of the majority can only be upheld, how-
ever, when the conditions named exist. For if the
minority took no part in the transaction, were ignorant
of what was done, gave no implied consent to the action
and were neither consulted nor had any opportunity to
exert their legitimate influence in determining the
course to be pursued, the action of the majority will
be unavailing."

We quote from the Amarillo Court of Civil Appeals in
City of Floydada vs. Gilliam, 111 S.W. (2) 761, as follows:

"...The statute does not provide how the expression
shall be made, but it is well settled that the govern-
ing authorities of cities, as well as boards of direc-
tors of corporations and other representative bodies,
can express themselves and bind the institution which
they represent only by acting together in a meeting duly
assembled..."

From King vs. Guerra, 1 S.W.(2) 373, San Antonio
Court of Civil Appeals, we take the following:

"It is true, as a matter of course, that the
friendly expressions obtained from the mayor and two
commissioners, in private conversations--whether made
casually, upon impulses of the moment and without defi-
nite knowledge or consideration of the true facts of
the proposed projects, or whether given deliberately
and after mature consideration of all the ascertain-
able facts--can have no bearing upon the case. Even
had they been so disposed, which they deny is the case,
those officials, acting singly, individually, and sep-
arately, at different places and times and upon differ-
ent occasions, could not bind themselves in their offi-
cial capacity, nor the board of city commissioners as a

body, nor the government of the city, nor any of its departments...."

In People vs. Bachelor, 22 N.Y. 128, the Supreme Court of New York said:

"It is not only a plain dictate of reason, but a general rule of law, that no power or function intrusted to a body consisting of a number of persons, can be legally exercised without notice to all the members composing such body."

We cite also State vs. Union Light, Heat & Power Co., 182 N.W. 538, N. Dak.; P. & F.R.Ry.Co. vs. Com'rs., 16 Kan.302.

We think it is plainly contemplated by Article 2781, Revised Civil Statutes, that in employing teachers and superintendents the Board of Trustees must meet and act as a board, in accordance with general rules. Residents of the district were entitled to have this contract acted upon at a meeting of the Board, at which all members were present or had been given notice and an opportunity to be there. We note that the president of the board did not advise the member unequivocably that there would be no meeting, but simply stated that "he knew of no reason why there should be a meeting." This statement would naturally give the impression that there would be no meeting and we think your letter implies that it was so understood by the member and that it caused his absence. If such be established as true, it is our opinion that the contract cannot be enforced.

Our answer to your question therefore is a negative one.

APPROVED JUN 11, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY: BWB, CHAIRMAN

GRL:DBB:wb

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Glenn R. Lewis
Glenn R. Lewis, Assistant